UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| **SMARTBANK, a Tennessee Banking Corporation, successor by merger to SOUTHERN COMMUNITY BANK,** | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) ) | No. 4:19-cv-00062 REEVES/STEGER |
| **CHARIS WITT CARTRON and MICHAEL B. CARTRON,** | ) ) ) ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

Before the Court is Defendants Cartron and Cartron's ("Defendants'") motion to dismiss Plaintiff SmartBank's ("Plaintiff's") action against them for breach of loan agreements [Doc. 11]. Defendants argue the Court lacks subject matter jurisdiction and is an improper venue and accordingly have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), respectively. Plaintiff responds that the Court has subject matter jurisdiction and is a proper venue. Alternatively, Plaintiff asserts that the Court should deny Defendants' motion to dismiss because Defendants did not comply with the Court's order governing motions to dismiss.

The Court will **GRANT** Defendants' motion to dismiss because: (1) while the Court possesses subject matter jurisdiction over this action; (2) the Eastern District of Tennessee is not a proper venue; and (3) Defendants' noncompliance with the Court's order governing motions to dismiss does not warrant denying Defendants' motion to dismiss.

1

## I. Factual Background

On September 19, 2019, Plaintiff filed its complaint against Defendants. The complaint alleges Plaintiff is incorporated and has its principal place of business in Tennessee. The complaint further alleges that Defendants reside in Madison County, Alabama. Chiefly, Plaintiff contends that Defendants defaulted on two separate loans. Consequently, Plaintiff requests monetary relief totaling $393,970.66 for the first loan and $38,917.17 for the second loan, in addition to corresponding interest, fees, and other costs as the loans permit. After Plaintiff filed its complaint, the Court issued an order governing motions to dismiss, which mandated that the parties meet and confer before Defendants filed any motion to dismiss. The order further required that any motion to dismiss include a certification that the parties complied with the meet and confer requirement.

On November 22, 2019, Defendants filed their motion to dismiss without meeting and conferring with Plaintiff, and their motion does not contain the required meet and confer certification. In their motion, Defendants argue the Court is an improper venue because the parties agreed to litigate in Tennessee state court via a forum selection clause in a settlement agreement arising from the unpaid loans. Defendants also argue the Court lacks subject matter jurisdiction.[1]

In its response, Plaintiff offers three reasons the Court should deny Defendants' motion: (1) the Court has diversity jurisdiction over this matter; (2) the Eastern District of Tennessee is a proper venue because the parties agreed to venue in federal court with respect to all disputes arising from the settlement agreement via the forum selection clause; and (3) Defendants failure follow the Court's order governing motions to dismiss warrants denial of Defendants' motion.[2]

---

[1] The Court notes that Defendants' motion to dismiss cites no legal authority; thus, the Defendants' grounds for dismissal was initially unclear. Fortunately, Defendants' reply clarified that their arguments were based on venue and subject matter jurisdiction.

[2] Plaintiff also argues the Court should deny Defendants' motion because a 12(b)(3) motion is not the proper vehicle for enforcing a forum selection clause. While this assertion is accurate, it is a red herring. As discussed subsequently, the existence of a forum selection clause has no bearing on whether venue is proper under the federal venue statute. *See infra* p. 5.

Shortly thereafter, Defendants filed a reply. First, Defendants maintain that the Court lacks subject matter jurisdiction, and they assert the Eastern District of Tennessee is an improper venue and thus the Court should dismiss this action pursuant to Rule 12(b)(3). Finally, Defendants concede that they failed to satisfy the Courts' meet and confer and certification requirements; however, Defendants request that the Court forgive this procedural violation.

## II. Standard of Review

A complaint properly alleges subject matter jurisdiction if it "contain[s] non-conclusory facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013) (citing *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). More specifically, a complaint properly alleges diversity jurisdiction if it asserts unchallenged diversity of citizenship and a proper amount in controversy. *Pennsylvania v. Williams*, 294 U.S. 176, 180 (1935).

When a defendant seeks dismissal under Rule 12(b)(3), the "plaintiff bears the burden of proving that venue is proper."[3] *Chander v. WhiteScience World Wide, LLC*, No. 1:08-CV-196, 2008 WL 5245874, at *1 (E.D. Tenn. Dec. 15, 2008). While a court may consider all facts available, it "must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* (quoting *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)).

---

[3] A few circuits hold that the defendant has the burden of establishing that venue is improper. *See, e.g.*, *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3rd Cir. 2011). However, the Court and other courts in the Sixth Circuit have consistently held the burden is on the plaintiff to show that venue is proper. *See, e.g.*, *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 963 (E.D. Tenn. 2009); *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006); *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002); *Centerville ALF, Inc. v. Balanced Care Corp.* 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002).

3

### III. Analysis

For the following reasons, the Court finds that it has subject matter jurisdiction. Nevertheless, the Court will **GRANT** Defendants' motion to dismiss because the Court is not a proper venue, and Defendants failure to follow the Court's meet and confer and certification requirements is not a sufficient basis for denying their motion.

#### A. Subject Matter Jurisdiction

District courts possess diversity jurisdiction over a case when: (1) the parties are citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2018). A corporation is a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1) (2018).

Plaintiff has properly alleged that the Court possesses diversity jurisdiction over this case. First, plaintiff has properly alleged that the parties are citizens of different states. The complaint alleges Plaintiff is incorporated and has its principal place of business in Tennessee. Conversely, the complaint alleges that Defendants are citizens of Madison County, Alabama. Defendants have not specifically challenged any of these contentions.

Second, the complaint alleges a satisfactory amount in controversy. Plaintiff requests damages totaling $393,970.66 and $38,917.17 respectively for its claims. It is well-settled that when a plaintiff asserts multiple causes of action, the Court must consider the aggregate of the plaintiff's requested relief for the purpose of determining whether the amount in controversy requirement is satisfied. *See Klepper v. First. Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990). Here, the summation of Plaintiff's requested relief totals $432,887.83; thus, it exceeds the minimum amount in controversy requirement of $75,000. Defendants have not contested these amounts or otherwise asserted that Plaintiff alleged them in bad faith.

Consequently, Plaintiff properly alleged that the parties are citizens of different states and that the minimum amount in controversy requirement is satisfied. Therefore, the Court has diversity jurisdiction over this action.

### B. Venue

Under the federal venue statute, only three circumstances render a judicial district a proper venue. *See* 28 U.S.C. § 1391(b) (2018). First, a district court is a proper venue if any defendant resides in the judicial district, but only if all defendants reside in the state housing that district. *Id.* § 1391(b)(1). Second, a district court is a proper venue if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action" is located in the district. *Id.* § 1391(b)(2). Third, only if neither of § 1391(b)(1) nor § 1391(b)(2) yield a proper venue, venue is proper in any judicial district that has personal jurisdiction over the defendant. *Id.* § 1391(b)(3). The Supreme Court has made clear that *only* these three circumstances may render a judicial district a proper venue, and, if neither is satisfied, dismissal pursuant to a Rule 12(b)(3) motion is appropriate. *Atl. Marine Constr. Co. v. U.S. Dist. Court.*, 571 U.S. 49, 56 (2013) ("When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). . . . [I]f it does not, venue is improper and the case must be dismissed. . . . Whether the parties entered into a forum selection clause has no bearing on whether a case falls into one of the categories of categories of cases listed in § 1391(b).").

Here, Defendants reside in Madison County, Alabama. Thus, § 1391(b)(1) does not render the Eastern District of Tennessee a proper venue. Importantly though, because both Defendants reside in the Northern District of Alabama, that judicial district *is* a proper venue. Consequently, § 1391(b)(3) may not render the Eastern District of Tennessee a proper venue. *See Atl. Marine*

5

*Constr. Co.*, 571 U.S. at 56–57 ("[§ 1391(b)(3)] provides a fallback option: *If no other venue is proper*, then venue will lie . . . [where] the defendant is subject to the court's personal jurisdiction[.]" (emphasis added)).

Thus, venue is proper in the Eastern District of Tennessee *only if* "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in Tennessee under § 1391(b)(2). Notably, the Court has held § 1391(b)(2) is not satisfied when the events giving rise to the action have "only some tangential connection with the dispute. . . ." *Diggs v. Paragon Mgmt. Grp., Inc.*, No. 1:13-cv-343, 2014 WL 1302504, at *2 (E.D. Tenn. Mar. 28, 2014).

First, the Court must define what "events or omission [give] rise" to Plaintiff's action. Specifically, Plaintiff seeks relief for Defendants' failure to pay two separate loans. However, Plaintiff does not allege that any activity related to undertaking these loans occurred in or otherwise affected Tennessee. Indeed, pursuant to the complaint, the specified lender for each loan was located in Huntsville, Alabama, the loan documents were notarized by an Alabama Notary, and each loan was secured with property located in Alabama. Thus, it appears all or substantially all of the events related to the formation of the loans occurred in Alabama, not the Eastern District of Tennessee.

In fact, Plaintiff sets forth only two allegations in the complaint that suggest any connection of this case to Tennessee. First, Plaintiff asserts it is a Tennessee corporation and that it maintains its principal place of business in Tennessee. However, Plaintiff's incorporation and presence in Tennessee alone do not establish that the events and omissions giving rise to *this* action (i.e. the loan agreements and subsequent default) occurred in Tennessee.

Second, Plaintiff alleges that Defendants will assert they have no responsibility to pay the loans pursuant to the settlement agreement, which contains the Tennessee-directed forum selection clause. The mere existence of a Tennessee-directed forum selection clause does not constitute a "substantial event" underlying Plaintiff's claim. Again, Plaintiff's claim rests on Defendants' noncompliance with payments pursuant to the loan agreements (rather than with the lending violations that the settlement agreement addressed), so the Tennessee-directed forum selection clause "has only some tangential connection with [this] dispute." *See id.* Moreover, Plaintiff alleges Defendants *will argue* that they are not responsible for payment of the loans due to the settlement agreement. This predictive allegation shows precisely how "tangential" of a connection this case has to Tennessee.

In light of these sparsely alleged and purely peripheral connections to Tennessee, Plaintiff has not met its burden to show that the Eastern District of Tennessee is a proper venue under § 1391(b)(2). Therefore, the Court finds the Eastern District of Tennessee is not a proper venue under § 1391(b).

### C. The Court's Meet and Confer and Certification Requirements

The Court's meet and confer and certification requirements are tantamount a local rule. *See Romine v. Uber Techs., Inc.*, No. 3:16-CV-371, 2017 WL 11494685, at *1 (E.D. Tenn. Jan. 23, 2017). The Court has broad discretion to overlook violations of its local rules. *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (citing *Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996)). *See also Priester v. Bent Creek Golf Club, LLC*, 3:17-CV-284, 2018 WL 2305703, at *1, n. 2 (E.D. Tenn. May 21, 2018) (refusing to deny a motion to dismiss even though the defendants failed to meet and confer before filing it).

7

In this case, the Court will not deny Defendants' motion simply because it violated the Court's meet and confer requirements. The purpose of the Court's meet and confer requirements is to give the parties an opportunity to determine whether they can avoid a motion to dismiss by allowing any flaws with the complaint to be absolved by an amended complaint. [*See* Doc. 3]. Here though, it appears the parties could not have resolved venue and subject matter jurisdiction issues by meeting and conferring. Even more, Defendants counsel explains the violation of the Court's order occurred primarily because Defendants employed him with minimal time prior to the deadline for filing motions to dismiss. Thus, it appears Defendants did not intentionally or in bad faith violate the Court's requirements.

For these reasons, while the Court does not approve of Defendants' failure to conform to its order, the Court will not deny Defendants' motion to dismiss on this ground. *See Priester*, 2018 WL 2305703, at *1, n. 2. (refusing to deny a motion to dismiss in part because the defendants did not appear to violate the Court's order in bad faith).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss [Doc. 11] will be **GRANTED** and this action will be **DISMISSED without prejudice**. An appropriate order will be entered.

_____
**PAMELA L. REEVES**
**CHIEF UNITED STATES DISTRICT JUDGE**